# EXHIBIT "B"

**RECEIVED**

**CITATION BY MAILING**

**JUN 02 2016**

THE STATE OF TEXAS

**TCCI**

TO: ASI LLOYDS / BY SERVING RODNEY D BUCKER /700 NORTH PEARL STREET 25TH FLOOR/ DALLAS TX 75201

Defendant, in the hereinafter styled and numbered cause:

NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear before the 365th Judicial District of the city of Eagle Pass, Texas, County of Maverick by filing a written answer to the Petition of the Plaintiff at or before 10:00 a.m. of the Monday next after the expiration of twenty days after the date of service hereof, a copy of which accompanies the Citation, in the Cause Number 16-04-32983-MCVAJA, styled GERARDO LOPEZ,JR ETAL VS ASI LLOYDS filed in said court on April 21,  2016.

Plaintiff is represented by LAWRENCE, MICHAEL whose address is 3112 WINDSOR RD. SUITE A234 AUSTIN, TX 78703 956-994-0057. ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at this office on this the Twenty sixth day of May, 2016.

Leopoldo Vielma, Clerk
District Clerk, Maverick County, Texas
500 Quarry St Suite 5
Eagle Pass, TX 78852

By _____
Deputy


OFFICER'S RETURN BY MAILING

Came to hand on the _____ day of _____, A.D 20_____, and executed to the Defendant certified mail, return receipt requested to wit restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiff's Petition to the following address:

_____

Defendant                                    Address
Service upon the Defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by _____ and dated _____.
*Citation was not served despite the following use of diligence to execute service by the officer or person authorized to execute this citation: _____
_____.

Citation was not executed because _____
Defendant may be found at: _____
To certify which witness my hand officially.

_____ County, Texas
By: _____ Deputy
Fee for serving Citation: $_____

Electronically Filed at
4/21/2016 4:04:21 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

CAUSE NO. _____16-04-32983-MCVAJA_____

| | | |
|---|---|---|
| GERARDO LOPEZ, JR.<br>AND CLAUDIA LOPEZ<br>*Plaintiffs* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | 365TH _____ JUDICIAL DISTRICT |
| ASI LLOYDS<br>*Defendant* | §<br>§<br>§ | MAVERICK COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GERARDO LOPEZ, JR. AND CLAUDIA LOPEZ**, complaining of **ASI LLOYDS**, and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiffs are residents of Maverick County, Texas.

3. Defendant ASI Lloyds is a Texas Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: Rodney D. Bucker, 700 North Pearl Street, 25th Floor, Dallas, Texas 75201.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant ASI Lloyds (hereinafter "ASI") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured property is situated in Maverick County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

### IV. FACTS

5. Plaintiffs are the owner of the Texas Homeowner's Insurance Policy (hereinafter

Electronically Filed at
4/21/2016 4:04:21 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

referred to as "the Policy"), which was issued by ASI.

6. Plaintiffs own the insured property, located at 2644 Las Cimas Drive, Eagle Pass, Texas 78852 (hereinafter referred to as "the Property").

7. ASI sold the Policy insuring the property to Plaintiffs.

8. On or about April 23, 2014, Plaintiffs sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of April 23, 2014, a strong supercell thunderstorm moved through the Eagle Pass, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiffs submitted claims to the Defendant against the policy for damages to the Property as a result of the April 23, 2014 storm. Plaintiffs requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiffs reported the damage to the covered Property to the Defendant ASI. The Defendant wrongfully denied Plaintiffs' claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiffs. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiffs have with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the property. As a result, Plaintiffs have not been paid the full value of the damages suffered to their home.

12. Defendant ASI failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant ASI has categorically refused to pay

Electronically Filed at
4/21/2016 4:04:21 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiffs. Defendant ASI's conduct constitutes a breach of the insurance contract between Plaintiffs and Defendant.

13. Defendant ASI has misrepresented to Plaintiffs there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant ASI's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant ASI failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant ASI's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant ASI failed to adequately explain to Plaintiffs the reasons for its offer of an inadequate settlement. Specifically, Defendant ASI failed to offer Plaintiffs adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant ASI did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant ASI's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

16. Defendant ASI's refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant ASI failed to conduct a reasonable investigation. Specifically, Defendant ASI performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant ASI's conduct

Electronically Filed at
4/21/2016 4:04:21 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant ASI failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant ASI failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Defendant ASI's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiffs presented their claim to Defendant ASI, the liability of Defendant ASI to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant ASI has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant ASI knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiffs.

21. As a result of Defendant ASI's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

Electronically Filed at
4/21/2016 4:04:21 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

## V. CAUSES OF ACTION

### Causes of Action Against Defendant ASI

22. Defendant ASI is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant ASI's conduct constitutes a breach of the insurance contract made between Defendant ASI and Plaintiffs.

24. Defendant ASI's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant ASI's insurance contract with Plaintiffs.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a).  All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant ASI's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

27. Defendant ASI's unfair settlement practice, as described above, of failing to attempt

Electronically Filed at
4/21/2016 4:04:21 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant ASI's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant ASI's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance With Texas Insurance Code: The Prompt Payment of Claims

29. Defendant ASI's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant ASI's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

31. Defendant ASI's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant ASI's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant ASI knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach

Electronically Filed at
4/21/2016 4:04:21 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

of the duty of good faith and fair dealing.

## Fraud

33. Defendant ASI is liable to Plaintiffs for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as he did, and which Defendant ASI knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VI. DAMAGES

37. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant ASI's mishandling of Plaintiffs' claim in violation of the laws set forth above.

39. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain,

Electronically Filed at
4/21/2016 4:04:21 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

which is the amount of their claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include their past and future medical expenses,

Electronically Filed at
4/21/2016 4:04:21 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. In accordance with Rule 47, as amended, and with the information currently available, Plaintiffs seek monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million) dollars.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

50. Under Texas Rule of Civil Procedure 194, Plaintiffs request that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiffs' 1st Requests for Production to Defendant ASI

51. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider these Plaintiffs' request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

Electronically Filed at
4/21/2016 4:04:21 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they will show themselves justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)

Mr. Dan Cartwright
State Bar No. 03942500

Electronically Filed at
4/21/2016 4:04:21 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFFS

062216  MIR::lea: 5770-118 ANS AND JD

## CAUSE NO. 16-04-32983-MCVAJA

| | | |
|---|---|---|
| GERARDO LOPEZ, JR.<br>And CLAUDIA LOPEZ | § <br> § <br> § | IN THE DISTRICT COURT |
| Plaintiffs, | § <br> § | |
| vs. | § <br> § | 365TH JUDICIAL DISTRICT |
| ASI LLOYDS | § <br> § | |
| Defendant. | § <br> § | MAVERICK COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ASI LLOYDS,** Defendant in the above-entitled and numbered cause, and files this ORIGINAL ANSWER replying to PLAINTIFFS' ORIGINAL PETITION and for same says:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial and demands that Plaintiffs prove their allegations by a preponderance of the evidence.

### AFFIRMATIVE DEFENSES

Pleading further if same be necessary, Defendant ASI LLOYDS did not commit a breach or a violation of any legal principal centering on the insurance relationship, and Defendant has not been unreasonable in its handling of the referenced property damage claim, in that Defendant has, and continues to have a reasonable basis for disputing the Plaintiffs' purported claim because: 1) Plaintiffs have failed and continue to fail to honor their contractual obligations outlined in the controlling insuring agreement; and, 2) a bona fide dispute currently exists as to the nature, extent, and causation of the damages alleged by Plaintiffs.

Electronically Filed at
6/24/2016 12:51:55 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Pleading further if same be necessary, Defendant ASI LLOYDS asserts the defense of Plaintiffs' failure to perform all conditions precedent to applicable coverage under the policy in that Plaintiffs have failed to comply, and continue to fail to comply with the applicable after loss duties detailed in the controlling insuring agreement.

Pleading further if same be necessary, even if Plaintiffs prove the allegations in their lawsuit, Defendant ASI LLOYDS is not liable for the damages sought therein because Plaintiffs failed to mitigate their damages.

Pleading further if same be necessary, even if Plaintiffs prove the allegations in their lawsuit, Defendant ASI LLOYDS is not liable for the damages sought therein because most, if not all of the damages complained of exist as a result of concurrent causation for which Defendant ASI Lloyds affords no coverage.

## PRAYER

WHEREFORE, Defendant prays that Plaintiffs recover nothing from it by way of this suit; that Defendant recover costs of court, and for such other and further relief, both at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas    78247-2304
(210) 979-0100
(210) 979-7810 (FAX)

BY:_____

MICHAEL I. RAMIREZ
State Bar No. 24008604
Email: mramirez@bpgrlaw.com
ALYSSA P. WICKERN
State Bar No. 24079571
Email: awickern@bpgrlaw.com

ATTORNEYS FOR DEFENDANT

Electronically Filed at
6/24/2016 12:51:55 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

062216   MIR:lea: 5770-118 ANS AND JD

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this 24th day of June, 2016, to:

Larry W. Lawrence, Jr.
Michael Lawrence
Lawrence Law Firm
3112 Windsor Rd., Suite A234
Austin, Texas   78703

Fax No. 800/507-4152 and/or
Email: lawrencefirm@gmail.com

Dan Cartwright
Lory Sopchak
Cartwright Law Firm, LLP
1300 Post Oak Blvd., Suite 760
Houston, Texas   77056

Fax No. 713/840-0046 and/or
Email: lory@dcartwrightlaw.net

_____
MICHAEL I. RAMIREZ
ALYSSA P. WICKERN

062216   MIR:lea: 5770-118 ANS AND JD

## CAUSE NO. 16-04-32983-MCVAJA

| | | |
|---|---|---|
| GERARDO LOPEZ, JR.<br>And CLAUDIA LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 365TH JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS | § | |
| | § | |
| Defendant. | § | MAVERICK COUNTY, TEXAS |

### DEMAND FOR JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **ASI LLOYDS**, Defendant in the above-entitled and numbered cause, and makes this DEMAND FOR JURY TRIAL.

Respectfully submitted,

BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas    78247-2304
(210) 979-0100
(210) 979-7810 (FAX)

BY: _____
       MICHAEL I. RAMIREZ
       State Bar No. 24008604
       Email: mramirez@bpgrlaw.com
       ALYSSA P. WICKERN
       State Bar No. 24079571
       Email: awickern@bpgrlaw.com

ATTORNEYS FOR DEFENDANT

062216   MIR:lea: 5770-118 ANS AND JD

Electronically Filed at
6/24/2016 12:51:55 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served in accordance with the Texas Rules of Civil Procedure on this 24th day of June, 2016, to:

Larry W. Lawrence, Jr.
Michael Lawrence
Lawrence Law Firm
3112 Windsor Rd., Suite A234
Austin, Texas   78703

Fax No. 800/507-4152 and/or
Email: lawrencefirm@gmail.com

Dan Cartwright
Lory Sopchak
Cartwright Law Firm, LLP
1300 Post Oak Blvd., Suite 760
Houston, Texas   77056

Fax No. 713/840-0046 and/or
Email: lory@dcartwrightlaw.net

MICHAEL I. RAMIREZ
ALYSSA P. WICKERN